UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE J. GRIFFIN, JR., | ) |
| | ) |
| Petitioner, | ) |
| v. | ) No. 4:23-cv-00337-SEP |
| | ) |
| V. JOHNSON, | ) |
| | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

Before the Court is Petitioner Willie J. Griffin's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. [1].  For the reasons set forth below, the petition is denied and dismissed for failure to exhaust.

### BACKGROUND

Petitioner is a self-represented litigant who is currently incarcerated at the Ste. Genevieve Detention Center in Ste. Genevieve, Missouri.  On September 16, 2020, he was indicted on one count of conspiring to knowingly and intentionally distribute and possess with intent to distribute fentanyl, fentanyl analogues, heroin, actual methamphetamine, and cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846.  *United States v. Lopez-Quezada, et al.*, No. 4:20-cr-544-SEP-10 (E.D. Mo.).  Petitioner pled guilty to a lesser offense on January 9, 2023.  Sentencing is presently set for May 22, 2023.  On March 17, 2023, the Court received the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Doc. [1].

### THE PETITION

The petition in this case is titled "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241."  Doc. [1] at 1.  It is handwritten and not on a Court-provided form.  Petitioner states that he is incarcerated in Ste. Genevieve, Missouri, and that he is "serving a sentence" in case number 4:20-cr-00544-SEP-10.  According to Petitioner, the action being challenged is "jail conditions."

Petitioner asserts that his "phone pin number was compromised by another federal inmate while he was asleep."  Doc. [1] at 2.  This inmate logged onto Petitioner's account and "sent multiple messages to the Petitioner's female contacts requesting that they send $100.00 cash app deposits to two separate cash app accounts."  *Id*.  Subsequently, the inmate "video called these female contacts and performed" a lewd act.  *Id*.

1

The affected females reported the incident to jail staff and the video service provider, but "the identity of the culprit" could not be ascertained. *Id*. Petitioner states that he filed a grievance but "was told that the jail has no responsibility for lost/stolen phone cards/numbers." *Id*. Still, Petitioner insists that jail staff monitor "the calls and should know when a different inmate has logged into another inmate's phone/tablet." *Id*. He alleges that his grievance "was 'resolved' with a question asking what did [he] expect to be done?" Doc. [1] at 4.

Petitioner argues "that the institution has an obligation to investigate and report any crime of a sexual nature to the proper law enforcement authorities for prosecution." *Id*. at 2. Apart from pursuing criminal charges on his behalf, Petitioner does not request any specific relief.

## DISCUSSION

Petitioner is a federal pretrial detainee who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court is required to undertake a preliminary review of the petition, and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 applies to habeas petitions under § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)"). Based on the Court's review, and for the reasons set forth below, the Court denies and dismisses the petition for failure to exhaust.

**I.      Applicability of 28 U.S.C. § 2241 to Federal Pretrial Detainees**

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Under 28 U.S.C. § 2241, a petition for "writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Generally, a collateral challenge to a federal conviction or sentence must be raised in a motion to vacate filed in the sentencing court pursuant to 28 U.S.C. § 2255. *See Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). But a prisoner also can use 28 U.S.C. § 2241 to attack the execution of a federal sentence. *See Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *Peak v. Petrovsky*, 734 F.2d 402, 405 n.6 (8th Cir. 1984). "For purposes of 28 U.S.C. § 2241, execution of a sentence

2

includes such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Smith v. United States*, 2005 WL 2765473, at *1 n.1 (D. Neb. 2005).

Though 28 U.S.C. § 2241 is typically used by federal prisoners to challenge the execution of sentences, a § 2241 petition can be brought by a person "in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *See Nettles v. United States*, 2022 WL 4093941, at *4 (E.D. Mo. 2022) (quoting *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987)). Therefore, § 2241 has been found to be applicable—in certain situations—to federal pretrial detainees.

## II.     Exhaustion Requirement

Federal pretrial detainees must exhaust all other remedies before they may seek habeas relief. *See Hall v. Pratt*, 97 Fed. Appx. 246, 247 (10th Cir. 2004); *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987) (affirming denial of § 2241 petition because federal pretrial petitioner could have sought direct review of his confinement during trial); *Moore v. United States*, 875 F. Supp. 620, 623 (D. Neb. 1994) (federal pretrial detainee must first exhaust other available remedies before seeking relief under § 2241). "Thus, if a federal pretrial detainee has not sought direct review of his detention or could still raise the relevant issues in his criminal proceedings, that detainee cannot seek relief under 28 U.S.C. § 2241." *Miller v. United States*, 2020 WL 3578553, at *1 (D. Minn. 2020). The exhaustion requirement promotes efficiency and helps prevent "the risk of nearly simultaneous and potentially conflicting decisions." *Bakke v. United States*, 2019 WL 5579599, at *1 (D. Minn. 2019).

On review of Petitioner's criminal case, he has not requested review of his detention, nor has he sought interlocutory appeal of any adverse decision. Because he has failed to exhaust other remedies, Petitioner cannot seek relief under 28 U.S.C. § 2241.[1]

## III.    Summary Dismissal

As noted above, the Court is required to undertake a preliminary review of Petitioner's petition for writ of habeas corpus, and to dismiss it if Petitioner is not entitled to relief. *See* Rule

---

[1] Of note, it is not entirely clear what relief Petitioner is seeking, or how the issue presented in his petition relates to his detention. *See Preiser*, 411 U.S. at 484 ("the traditional function of the writ is to secure release from illegal custody"); *see also Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy.").

4 of the Rules Governing Section 2254 Cases in the United States District Courts; Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner is plainly not entitled to relief, as he failed to exhaust his remedies before pursuing this action.  Therefore, the petition must be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. [1]) is **DENIED** and **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

Dated this 22nd day of May, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE